| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>32 Broadway, Suite 412<br>New York, NY 10004<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOEL DELORBE-BELL,**<br><br>                              **Plaintiff,**<br>v.<br><br>**CITY OF NEW YORK, NYPD Officer ESPENBERG (TAX ID#948938) and NYPD Officers JOHN DOES 1 through 4, individually and in their official capacities,**<br>                              **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.: 24-cv-9956 |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against CITY OF NEW YORK, NYPD Officer ESPENBERG, and John Doe Officers 1 through 4, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, for using unreasonable force during the arrest encounter causing Plaintiff to sustain serious injury to include the need for surgery, and for defendants' failure to intervene and prevent such conduct.

2. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Joel Delorbe-Bell ("Plaintiff" or "Mr. Delorbe-Bell") is a resident of Bronx County in the City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 are members of the New York City Police Department ("NYPD") who were so employed on January 22, 2024. Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 are being sued in thier individual and official capacities.

**STATEMENT OF FACTS**

9. The Incident which is the subject of the instant Complaint took place on January 22, 2024 at approximately 10:30 p.m.

10. Plaintiff was walking on 165th Street, Bronx County, between Sheridan Street and Sherman Street when he was pushed from behind by an officer who said, "What's up?" and pushed Plaintiff into a gate on the side of the road.

11. Other officers then arrived, with one of the Doe Officers demanding Plaintiff's identification alleging that Plaintiff had an "open container."

12. Plaintiff had a clear plastic cup with apple juice in it.

13. Plaintiff was then searched, with said search revealing that Plaintiff had neither weapons nor any other contraband on his person.

14. What Plaintiff believed to be a Sergeant then shoved Plaintiff into the gate again and handcuffed Plaintiff.

15. Plaintiff was then transported to the 44th Precinct where he remained for approximately twelve (12) hours.

16. Plaintiff was then released with a ticket titled "Complaint/Information" and sworn out by NYPD Officer ESPENBERG as the "Complainant" and charging Plaintiff with the offense of "Open container of alcohol."

17. Approximately three (3) weeks later, Plaintiff went to Bronx-Lebanon Hospital Center Emergency Room because of continued pain after being forcefully shoved up against a gate by Officers twice, and complained of bilateral shoulder pain, neck pain and back pain after being assaulted by NYPD Officers during the January 22, 2024 encounter.

18. On February 8, 2024, Plaintiff appeared in Bronx County Criminal Court to be arraigned on the "Open Container" ticket he had been given, and charging him with violating Administrative Code 10-125(b) V.

19. At arraignment on February 8, 2024, the Action was Dismissed.

20. Subsequent medical treatment and imaging studies revealed that Plaintiff sustained lumbar disc bulges with impingement; cervical herniation with thecal sac impingement; a right shoulder tear of the superior and inferior fibers of the acromioclavicular ligament; and a low-grade interstitial tear of the left shoulder.

21. On or about December 24, 2024, Plaintiff underwent a right shoulder surgery including open stabilization of the AC joint with capsular imbrication and distal clavicle resection.

22. Further medical treatment may be necessary.

23. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care, treatment and surgical intervention – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

27. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical injury requiring medical care, treatment and surgical intervention– all to his detriment.

## SECOND CLAIM
*False Arrest*

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendant NYPD Officers ESPENBERG and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause to believe that a crime had been committed or was about to be committed.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

33. Accordingly, Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### UNREASONABLE FORCE UNDER 42 U.S.C. §1983

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendant NYPD Officer ESPENBERG and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments when they physically assaulted Plaintiff, Joel Delorbe-Bell, by forcefully pushing him up against a gate- not once, but twice – and this degree of force was completely unreasonable because it was not necessary at the time that he was so assaulted.

    Plaintiff had no weapons or contraband on his person, and Plaintiff was not even charged with resisting arrest, making the degree of force used against him unconscionable.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

## FIFTH CLAIM
### MONELL CLAIM

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

41. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

42. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

43. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

44. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the

fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

45. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

46. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

47. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

48. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

49. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   a. Compensatory damages against all defendants, jointly and severally;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorneys' fees and costs; and

   d. Such other relief as this Court shall deem just and proper.

Dated: December 26, 2024
New York, NY

                                                  **s/Michael J. Redenburg**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 412
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)