

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JEFFREY NOLL**<br>*Assistant Corporation Counsel*<br>jnoll@law.nyc.gov<br>Phone: (212) 356-2617 |

April 7, 2025

**By ECF**
Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl St
New York, New York 10007

      Re: *Joel Delorbe-Bell v. City of New York et al.*, 24 CV 9956 (AS)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the City of New York and Michael Espenberg ("Defendants") in the above-referenced action. Defendants respectfully request that the Court adjourn the initial conference presently scheduled for April 22, 2025, at 2:00 p.m., until after the parties have fulfilled all requirements set forth by Local Civil Rule 83.10 (the "Plan").[1] Plaintiff's counsel takes no position on this request.

  By way of background, on December 26, 2024, Plaintiff filed a complaint alleging that on January 22, 2024, New York City Police Department ("NYPD") Police Officer Michael Espenberg issued him a desk appearance ticket for an open container violation and detained him for approximately twelve (12) hours. Plaintiffs further alleges that he was subjected to excessive force when NYPD officers shoved Plaintiff against a gate and subsequently handcuffed him. He claims that he went to the hospital three (3) weeks later for shoulder, neck, and back pain and that he underwent right shoulder surgery in December of 2024. Plaintiff now bring claims of unlawful search and seizure, false arrest, failure to intervene, excessive force, and a claim for municipal liability. See ECF Docket No. 1.

  On December 30, 2024 this case was designated as subject to Local Civil Rule 83.10, which applies to actions brought in the Southern District against NYPD officers alleging constitutional violations pursuant to 42 U.S.C. § 1983. See ECF Docket Entry dated December 30, 2024. As the Court is aware, pursuant to Local Civil Rule 83.10, certain limited discovery and deadlines are pre-established in § 1983 Plan cases. The Plan also requires the parties to attend a mediation

---

[1] Defendants also request a corresponding extension of their time to submit a proposed case management plan until one week prior to the rescheduled conference.

session within 14 weeks after the first defendant answers the Complaint, which in this case would be on or before July 24, 2025. For these reasons, Defendants request that the Court adjourn the initial conference so that they may complete the limited discovery and the mediation as set forth by the Plan, which is not currently scheduled as Defendants' Answer is due by April 17, 2025.

       As such, in the interest of judicial economy, Defendants respectfully request that the Court adjourn the deadline to submit a proposed case management plan and the date of the initial conference until a date convenient to the Court after the § 1983 Plan's completion.

       Defendants thank the Court for its consideration.

       Respectfully submitted,

/s/ *Jeffrey Noll*
Assistant Corporation Counsel
Special Federal Litigation Division

CC: All Counsel by ECF

Application DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 13.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 8, 2025