UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

JOEL DELORBE-BELL,

Plaintiff,

-against-

CITY OF NEW YORK, NYPD Officer ESPENBERG (TAX ID#948938) and NYPD Officer CHRISTIAN CAYENNE, individually and in their official capacities,

Defendant(s).

--------------------------------------------------------------------- X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

25-CV-9956 (AS)

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendant(s) may intend to disclose certain documents and information to plaintiff;

**WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff may seek certain documents and information from defendant(s) pursuant to plaintiff's discovery demands in this action;

**WHEREAS**, defendant(s) object(s) to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, including that the production of documents or information (a) that contain highly sensitive information, policies, procedures or other matters, if disclosed, could jeopardize individual, correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law;

**WHEREAS,** defendant(s) deem(s) this information and these documents confidential, private, not accessible to the public, when disclosed it is usually subject to a


protective order, and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant(s) that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, "Confidential Material" shall mean:

(A) Members of Service(s)' Employment or personnel related records;

(B) Disciplinary-related records and/or records of investigations regarding the conduct of Members of Service conducted by the Civil Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency;

(C) Training materials, including, but not limited to, non-public sections of the Patrol Guide, Administrative Guide, Operation Orders, and training manuals;

(D) Any documents which may contain information of a non-party that is confidential under state or federal law, including, but not limited to, New York Criminal Procedure Law Section 160.50, et seq.;

(A) Any Personal Identifying Information including, but not limited to, names, addresses, phone numbers, to the extent exchanged during discovery described in Rule 5.2 of the Federal Rules of Civil Procedure, Civil Procedure Law § 190.77 and Local Law 151 of 2021, to the extent exchanged during discovery;

(B) Medical or mental health records and/or information;

(C) Records restricted or prohibited from disclosure by statute, other than records obtained pursuant to executed authorizations; and

(D) Other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Material by the defendant(s) or the Court.

2. The documents and information defined in paragraph 1 shall not be Confidential Material only to the extent, that they are: (a) lawfully obtained by plaintiff from sources other than defendant(s), (b) pursuant to the New York Freedom of Information Law ("FOIL") or the Federal Freedom of Information Act ("FOIA"), or (c) are otherwise publicly available.

3. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

4. Nothing in this Confidentiality Stipulation and Protective Order shall limit defendant's(s') right to redact personal identifying, confidential, or privileged information before producing any document to plaintiff. For purposes of this section, Personal Identifying Information shall include, but is not limited to, the entire social security number, taxpayer identification, minor's name, or financial account number and information, credit card account information, bank account information, and date of birth; as well as the address, contact information, including telephone number and email address of Members of Service or individuals unrelated to this Action, government issued identification numbers including driver's license and passport numbers, passwords, NYSID, DIN; and any other information

that has the tendency to reveal, alone or in conjunction with other available information, the identity of individuals unrelated to this Action.

5. Any documents provided by an individual or entity that is not a party to this Action, by request or pursuant to a subpoena, and that are deemed as Confidential Material by that individual or entity shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

6. Defendant(s) shall have a reasonable time to inspect and designate as Confidential Material any documents received from an individual or entity that is not a party to this Action.

7. Defendant(s) shall designate documents as Confidential Material by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's attorney.

8. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. Defendant(s) reserve(s) the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order, if necessary, after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

9. Inadvertent, unintentional production of any document or information which is privileged, was prepared in anticipation of litigation, or that is subject to *in camera*

review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of defendant's(s') right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. Plaintiff shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

10. To the extent documents or information that is otherwise privileged is intentionally produced, such privileged documents or information shall be designated as Confidential Material.

11. If plaintiff, plaintiffs attorneys, or anyone on plaintiffs behalf make public representations, the substance of which concerns, or is contained in, the Confidential Material, defendant's(s') attorneys may move the Court, on an expedited basis, for relief.

12. Plaintiff's attorney shall not use the Confidential Material for any purpose other than for the preparation, evaluation, settlement, or presentation of plaintiff's case in this Action.

13. If plaintiff objects to the designation of any particular document or information as Confidential Material, plaintiff shall state such objection in writing, and the parties shall then endeavor to meet and confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, plaintiff, within 45 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court. Failure to

comply with the deadline in this paragraph shall constitute abandonment of plaintiff's right to object or move.

14. Plaintiff's attorney shall not disclose the Confidential Material to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation, evaluation or presentation of plaintiff's case in this Action, to those individuals described in subparagraphs (b) below.

b. Disclosure before trial may be made only to a party; to an expert or consultant who has been retained or specially employed by plaintiff's attorney with respect to this Action; to a witness in preparation for testimony at a deposition or trial; to a witness, court reporter/stenographer and/or videographer at deposition or trial; any mediator retained/assigned for settlement purposes; or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, using the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the preparation, evaluation or presentation of this Action and not to further disclose the Confidential Material, except in testimony taken in this Action. Plaintiff's attorney shall retain the signed consent form and furnish a copy to defendant's(s') attorney upon request,

although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent form before it is produced.

15. Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

16. If Confidential Material is used at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying all attorneys of record, in writing, within 45 days after a deposition transcript has been received (during which time the entire deposition will be considered Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order. Failure to make such designations does not constitute a waiver of confidentiality.

17. A party seeking to file under seal any material which incorporates Confidential Material or reveals the contents thereof must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

18. If any material which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing in advance that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

19. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. Plaintiff agrees to meet and confer in good faith regarding the redaction of any Confidential Material that plaintiff may seek to enter into evidence at a court hearing or trial.

20. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph **14** subsection (b**)** herein, for any purpose.

21. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendant's(s') attorneys or, upon defendant's(s') attorneys'

consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiff's attorney in the same manner as described in this paragraph.

22. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

23. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24. In the event additional parties are joined in this action, they shall not have access to Confidential Material until the newly joined party, by its counsel, has executed, and at the request of any party, filed with the Court, its agreement to be fully bound by this Confidentiality Stipulation and Protective Order.

25. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed

counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned, or signed version pursuant to Rule 5 of the Federal Rules of Civil Procedures, shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

26. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit defendant's(s') use of the Confidential Material for any other purpose.

Dated: New York, New York
August 19, 2025

MICHAEL J. REDENBURG, ESQ. P.C.
*Attorneys for Plaintiff*
32 Broadway, Suite 412
New York, NY 10004
212-240-9465

By: ______________________
Michael J. Redenburg, Esq.

MURIEL GOODE-TRUFANT
Corporation Counsel of the
City of New York
*Attorney for Defendant(s)*
100 Church Street, 3rd Floor
New York, New York 10007

By: Jeffrey Noll
Jeffrey Noll, Esq.
*Assistant Corporation Counsel*

SO ORDERED:

______________________
ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2025

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated 8/19/2025 entered into the Action entitled [____________________, Joel Delorbe-Bell v. City of New York, et al., 24-cv-9956 and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: 8/19/2025

Signature: [signature]

Print Name: Michael J. Redenburg

Occupation: Atty